UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-01531 AG (DFMx) | Date | March 31, 2017 |
|---|---|---|---|
| Title | SIGMA FINANCIAL CORP. v. GOTHAM INSURANCE CO. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:**   **[IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

When originally filed, back in September 2015, this case primarily concerned the construction of a "professional liability" insurance contract. Sigma Financial Corporation, a financial services firm located in Ann Arbor, Michigan, sued Gotham Insurance Company, its excess-liability insurer, for breach of contract and breach of the implied covenant of good faith and fair dealing. (Compl., Dkt. No. 1 at 11–17.) But early in the proceedings, Gotham moved for summary judgment on all of Sigma's contract claims. (Mot. for Summary J., Dkt. No. 32.) The Court recognized that this was a "tough case" because "much of the extrinsic evidence" presented by the parties "strongly suggests" that the defendants "erred on an important detail of the excess coverage." (Order, Dkt. No. 53 at 5.) But the Court was constrained by the "simple truth" that the "contract terms were straightforward," and granted in part Gotham's motion for summary judgment. (*Id.* at 6–7.)

Going forward, however, the Court allowed Sigma to file an amended complaint for good cause shown. (Order, Dkt. No. 68 at 2–4.) The operative complaint purports to assert the following claims: (1) breach of the implied covenant of good faith and fair dealing against Gotham Insurance Company; (2) fraud and deceit against Gotham and ProSight Specialty Management Company, Inc.; (3) negligence against Gotham and ProSight; and (4) professional negligence against Brown & Brown Program Insurance Services, Inc. (doing business as "CalSurance Associates"), Cadence Insurance Brokers, Inc., Gotham, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 15-01531 AG (DFMx) | Date | March 31, 2017 |
|---|---|---|---|
| Title | SIGMA FINANCIAL CORP. v. GOTHAM INSURANCE CO. ET AL. | | |

Prosight. (Am. Compl., Dkt. No. 81 at 13–18.)

Now, Gotham and ProSight move to dismiss for failure to plead fraud with particularity, Fed. R. Civ. P. 9(b), and failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). The Court DENIES in part and GRANTS in part the defendants' motion to dismiss WITHOUT LEAVE TO AMEND. (Dkt. No. 83.)

## 1. BRIEF BACKGROUND

The Court already stated the "salient facts." (Order, Dkt. No. 53, at 2–5.) But a brief recitation is necessary for present purposes. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012) (facts alleged in the complaint must be accepted as true and construed in the light most favorable to the non-moving party).

Sigma operates as a securities broker and registered representative for investors. From July 2012 to July 2013, Sigma was covered under a primary professional liability insurance policy, issued by Arch Specialty Insurance Company. (Am. Compl., Dkt. No. 81 at 5.) That policy provided a general coverage limit of $2 million per claim, up to $10 million in total, and a special coverage limit for "alternative investments" of $1 million per claim, up to $5 million in total. (*Id.*; *see also* Arch Policy, Dkt. No. 81-1.)

Sigma also sought to purchase additional layers of coverage, known as excess liability insurance. (Am. Compl., Dkt. No. 81, at 5.) It's broker, CalSurance Associates, allegedly informed Cadence Insurance Brokers that Sigma wanted $5 million in excess coverage "to fit over" its general policy limit and its special policy limit. (*Id.*) But when Cadence tried to communicate this information to ProSight Specialty Management and Gotham Insurance Company, it apparently got lost in translation. (*Id.* at 5–6.) Gotham ultimately issued the excess liability policy, but it omitted coverage for Sigma's special alternative investments. (*Id.* at 6.)

Eventually, various investors filed claims against Sigma with the Financial Industry Regulation Authority ("FINRA"). (*Id.* at 7–8.) Consistent with the primary policy, Arch Specialty Insurance defended and settled many of these claims until its special alternative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-01531 AG (DFMx) | Date | March 31, 2017 |
|---|---|---|---|
| Title | SIGMA FINANCIAL CORP. v. GOTHAM INSURANCE CO. ET AL. | | |

coverage limit was exhausted. (*Id.* at 8.) Sigma then expected Gotham to defend and settle the remaining claims. But Gotham refused to provide coverage, arguing that it was only obligated to do so after the general coverage limit was exhausted. (*Id.* at 8–9.) Sigma ultimately defended and settled the FINRA claims using its own funds. (*Id.* at 11.)

## 2. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) only calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." But a motion under Rule 12(b)(6) allows the defendant to object to "the formal sufficiency" of that claim, without actually "resolving a contest . . . about the facts or the substantive merits." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). "[D]etailed factual allegations" aren't necessary at this early stage, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" just won't cut it. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). And, of course, it's well-settled that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

## 3. ANALYSIS

To start, it's clear that Sigma's claim for breach of the implied covenant of good faith must be dismissed. As both the Ninth Circuit and the California Supreme Court have recognized, "without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008); *see also Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36 (1995) ("[I]f there is no *potential* for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer.").

This Court previously concluded that Gotham didn't breach the excess-liability insurance contract, so it follows that Sigma can't possibly recover for breach of the implied covenant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-01531 AG (DFMx) | Date | March 31, 2017 |
|---|---|---|---|
| Title | SIGMA FINANCIAL CORP. v. GOTHAM INSURANCE CO. ET AL. | | |

of good faith and fair dealing.

Although Sigma marshals some case law to the contrary, all of those cases were either decided before *Waller*, or actually involved a breach of contract. *See, e.g.*, *Murray v. State Farm Fire & Cas. Co.*, 219 Cal. App. 3d 58 (1990). True, the Court suggested in a prior order, that Sigma's remedy "perhaps" lies in a claim for breach of the implied covenant of good faith and fair dealing. (Order, Dkt. No. 53 at 7.) But after additional briefing on the issue (not originally presented to the Court), it's clear that Sigma's claim is futile. The Court thus GRANTS the defendants' motion to dismiss this particular contract claim WITHOUT LEAVE TO AMEND. *See Telesaurus WPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) ("A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

Next, the defendants' move to dismiss Sigma's fraud claim. To state a claim for fraud, a plaintiff must allege the following: (1) misrepresentation (either false representation, concealment, or nondisclosure); (2) knowledge of falsity (also called "scienter"); (3) intent to defraud, *i.e.*, the intent to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Agosta v. Astor*, 120 Cal. App. 4th 596, 603 (2004). Claims that "sound in fraud" must also satisfy the heightened pleading standard of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). That rule "requires particularized allegations of the circumstances constituting fraud, including identifying the statements at issue and setting forth what is false or misleading . . . about the statement and why the statements were false or misleading at the time they were made." *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012). A plaintiff must accordingly allege "the who, what, when, where, and how" of the supposed fraud. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

The Court is satisfied with Sigma's allegations at the pleading stage. Indeed, Sigma's amended complaint sets forth the time of the alleged concealment, the nature of the material information, why the information was material, and the various actors. (Am. Compl., Dkt. No. 81, PageID 15–16.) For example, Sigma has specified the "unambiguous request" for coverage it sought, the "gap in coverage" it actually got, a material failure to disclose, the relevant brokers and insurance companies, and relevant time period. (*Id.*) Still, the defendants counter by arguing that Gotham didn't actually conceal anything from Sigma because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-01531 AG (DFMx) | Date | March 31, 2017 |
|---|---|---|---|
| Title | SIGMA FINANCIAL CORP. v. GOTHAM INSURANCE CO. ET AL. | | |

insurance contract was "unambiguous." Perhaps, but the California Supreme Court has long recognized that "the rule [presuming parties are familiar with contract terms] should not be strictly applied to insurance policies" because "[t]he insured usually confides implicitly in the agent securing the insurance." *See Haynes v. Farmers Ins. Exch.*, 32 Cal. 4th 1198, 1210–11 (2004) (quoting *Raulet v. Northwestern Nat. Ins. Co.*, 157 Cal. 213, 230 (1910)). The issue thus appears to turn on a factual question: whether Sigma is a sophisticated business entity that should be held to a higher standard of familiarity. And factual issues of that sort are better left for resolution on a motion for summary judgment. For now, Sigma has sufficiently pled its fraud claim to survive this motion to dismiss. The Court therefore DENIES the defendants' motion to dismiss Sigma's fraud claim.

Finally, the defendants' move to dismiss Sigma's various negligence claims. To state a claim for negligence, a plaintiff must allege facts supporting a duty, breach of duty, causation, and damages. *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 463 (2003). And here, Sigma has alleged all four elements in its amended complaint. (Am. Compl., Dkt. No. 81, at 16–17.) While the defendants argue that the claims against Gotham and Prosight are too conclusory, the Court is satisfied, for the moment, with Sigma's allegations that Gotham and Prosight acted through various agents. (Compl., Dkt. No. 81 at 3–4, 6, 16, 18.) *See Loehr v. Great Republic Ins. Co.*, 226 Cal. App. 3d 727, 733 (1990) ("An agent is generally not limited in the number of agency appointments that he or she may have; thus, an agent may solicit business on behalf of a variety of different insurance carriers, and still technically be an agent of each of those carriers."). The defendants also raise some other factual arguments that may have merit. But as just discussed, such arguments are better left for resolution on a motion for summary judgment. For now, Sigma has met its burden to get through the courthouse doors. The Court thus DENIES the motion to dismiss the negligence and professional negligence claims.

## 4. DISPOSITION

The Court recognizes that Gotham and Prosight have raised some serious arguments. Perhaps because there has already been a motion for summary judgment, the parties are champing at the bit to reach a resolution on the merits. But absent converting a motion to dismiss into one for summary judgment, the Court's task here is to test "the formal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-01531 AG (DFMx) | Date | March 31, 2017 |
|---|---|---|---|
| Title | SIGMA FINANCIAL CORP. v. GOTHAM INSURANCE CO. ET AL. | | |

sufficiency" of the plaintiff's claim to relief, without actually "resolving a contest . . . about the facts or the substantive merits." 5B Wright & Miller § 1356, at 354.

For these reasons, the Court DENIES in part and GRANTS in part the defendants' motion to dismiss WITHOUT LEAVE TO AMEND. (Dkt. No. 83.)

: 0

Initials of Preparer     lmb