Mark C. Goodman (Bar No. 154692)
Brandon P. Rainey (Bar No. 272341)
HOGAN LOVELLS US LLP
3 Embarcadero Center, 15th Floor
San Francisco, California  94111
Telephone:  (415) 374-2300
Facsimile:   (415) 374-2499
Email:  mark.goodman@hoganlovells.com
Email:  brandon.rainey@hoganlovells.com

Attorneys for Defendants GOTHAM INSURANCE COMPANY and PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SIGMA FINANCIAL CORPORATION, a Michigan corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>GOTHAM INSURANCE COMPANY, a New York corporation, *et al.*,<br><br>        Defendants. | Case No.  8:15-cv-1531-AG-DFM<br><br>**[MIL NO. 3]**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* RE CADENCE'S ADMISSIONS**<br><br>Date:    July 17, 2017<br>Time:    10:00 a.m.<br>Judge:   Hon. Andrew Guilford<br>Place:   Courtroom 10D<br>            411 West 4th Street<br>            Santa Ana, CA 92701 |
| AND RELATED CROSS-CLAIM | |

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION *IN LIMINE*  RE CADENCE'S ADMISSIONS

## I. INTRODUCTION

Defendants Gotham Insurance Company and ProSight Specialty Management Company, Inc. hereby move for an order *in limine* precluding Cadence Insurance Brokers, Inc., Sigma Financial Corporation and Brown & Brown Insurance Services, Inc., d/b/a CalSurance Associates from introducing any evidence or making arguments that are inconsistent with Cadence's admissions to Gotham's first set of requests for admission. The matters in those requests have been admitted as a matter of law by operation of Rule 36(a)(3) because Cadence has refused and failed to respond to those requests since October 2016, ignored the problem caused by this refusal/failure when it was brought to Cadence's attention more than six months ago and failed to seek relief from its automatic admissions. As a result, Cadence's admissions are binding in this litigation and any evidence that contradicts those admissions is irrelevant (Fed. R. Evid. 402), prejudicial, misleading and a waste of the Court's and the parties' time (Fed. R. Evid. 403) and must be excluded from consideration by the trier of fact on that basis.

## II. SUMMARY OF RELEVANT FACTS

Gotham propounded Requests for Admission to Cadence on October 10, 2016, along with requests for production of documents and interrogatories. (Declaration of David R. Williams ("Williams Decl."), Exs. A, B and C.) Cadence's responses to Gotham's requests for admission were due on November 9, 2016. Fed. R. Civil Proc. 36(a)(3). Cadence failed to serve any objections or responses by the statutory deadline. On December 5, 2016, almost a month after Cadence's responses had been due, Gotham notified Cadence in writing that the requests had been deemed admitted as a matter of law. (Williams Decl., Ex. D.) Gotham's correspondence attached all of the discovery requests to Cadence, including the proofs of service. (*Id.*) Cadence immediately replied that it believed that responses to the requests for admission were not due until the next day, December 6. (Williams Decl., Ex. E.)

In taking this position, Cadence mistakenly referred to the deadline for its responses to other parties' discovery requests, not the discovery propounded by Gotham. (*Id.*) When Gotham pointed this fact out to Cadence, Cadence apologized for the oversight. (*Id.*) Despite the supposed mistake and its alleged believe that responses were due on December 6, 2016, Cadence failed to follow up on Gotham's requests for admission, purport to object or in other way respond to those requests (or any of Gotham's other discovery requests) or seek relief from the matters deemed admitted by law until June 14, 2017. Cadence never sought an extension to respond to Gotham's discovery requests and has never offered an excuse for its failure to honor its discovery obligations. (Williams Decl. at ¶ 7.)[1]

## III.  DISCUSSION

Gotham and ProSight anticipate that Sigma, Cadence and CalSurance will attempt to argue and present evidence during dispositive motions and at trial that contradicts the matters that Cadence has already admitted pursuant to Fed. R. Civil Proc. 36(a)(3). The Federal Rules of Evidence prevent any such arguments or evidence from being presented to the trier of fact.

### A.  Gotham's Requests Are Admitted By Operation Of Law

Rule 36(a)(3) of the Federal Rules of Civil Procedure states that "[a] matter is admitted" unless the party to which the requests are propounded responds within 30 days of the date of service, absent some other agreement between the propounding and responding parties. Once a matter is admitted, it is "conclusively established" throughout the proceedings. Fed. R. Civil Proc. 36(b). In this case, Gotham's requests for admission were served on October 10 and Cadence's responses were due on November 9, 2016. Cadence did not respond by the date on

---

[1] On June 14, 2017, in reaction to Gotham's efforts to satisfy the meet and confer requirement set forth in Local Rule 7-3, Cadence provided untimely, unsigned, unverified objections and partial responses to Gotham's discovery requests. (Williams Decl. at ¶ 7.)

1  which responses to the Requests for Admission were due and did not respond until
2  June 14, 2017, when it purported to serve unsigned responses after the meet and
3  confer on this motion had concluded. The consequence of this failure under Rule
4  36 clear: The matters in Gotham's requests for admission have been admitted as a
5  result of Cadence's failure to respond.

6      This is not an instance of a party lying in wait while an opposing litigant's
7  deadline quietly passes by. On December 5, 2016, after Cadence failed to respond
8  to its discovery, Gotham wrote to Cadence, attached copies of the discovery
9  requests at issue and made it clear that Cadence's responses were long past due.
10 (Williams Decl., Ex. D.) Despite the subsequent back-and-forth between the
11 parties, Cadence refused and continued to fail to respond to Gotham's discovery
12 requests and failed to seek relief from its admissions.[2]

13     Cadence refused to respond to Gotham's discovery requests for more than six
14 months (and not until after the discovery cut-off has passed) and Gotham would be
15 significantly prejudiced if the parties were not held to Cadence's admissions.
16 Gotham has been forced to evaluate this litigation, plan for trial and conduct all of
17 its other discovery efforts under the assumption -- and, in fact, legal requirement --
18 that Cadence's admissions are binding. Gotham does not have time and should not
19 be forced to incur the expense of having to redo all of its discovery in this action
20 because of a change to the matters that have already been admitted. Accordingly,
21 the Court cannot permit Cadence, Sigma or CalSurance to present evidence or

---

[2] Gotham was willing to stipulate to relief from Cadence's admissions during a reasonable period of time after Cadence's responses were due, as demonstrated by the way Gotham and CalSurance dealt with a similar issue. CalSurance initially failed to respond to Gotham's requests for admissions and subsequently sought relief from the admissions. Gotham stipulated to that requested relief, which the Court promptly granted. (Dkt. 95, 96.) Cadence has not sought relief from its admissions from the Court or from Gotham at any time, even though it has had more than six months to do so, and now it is too late for such measures.

arguments that contradict Cadence's admissions and that Gotham has not been able to test through discovery.

### B. Arguments Or Evidence That Contradict Cadence's Admissions Are Irrelevant Under Rule 401

Evidence is only relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible (Fed. R. Evid. 402) and determinations of relevance and remoteness are left up to the common sense of the trial judge. *United States v. Hankey*, 203 F.3d 1160, 1170 (9th Cir. 2000). Evidence that is irrelevant is of no probative value and should not be admitted.

Evidence and arguments that contradict Cadence's admissions are irrelevant *per se*. Rule 36 is mandatory and the facts that Cadence has admitted are "conclusively established" and controlling in these proceedings. Accordingly, any arguments or evidence that contradicts those admissions have no tendency "to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401.

### C. Evidence Or Arguments That Contradict Cadence's Admissions Would Be Prejudicial

Even relevant evidence must meet the criteria set by Rule 403, which permits exclusion where the purported evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Trial courts abuse their discretion by introducing "evidence [that] is of very slight (if any) probative value . . . if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *See United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

In addition to being irrelevant, as established above, any argument or

evidence that contradicts Cadence's admissions would be extremely prejudicial. Gotham is entitled to rely on Cadence's admissions under Rule 36 and, given Cadence's refusal to participate in discovery, has been forced to rely on those admissions in preparing its case for trial. Permitting any of the parties to present evidence contrary to Cadence's admissions would only serve to confuse issues that are clearly established by operation of law and mislead the jury at trial. There is no evidentiary value to matters that contradict a party's admissions and permitting the parties to muddy the waters by presenting any such evidence or argument would be extremely prejudicial.

## IV. CONCLUSION

Sigma cannot, as a matter of law, present any evidence or arguments that contradict the matters that Cadence has admitted. Accordingly, such evidence and arguments must be excluded during dispositive motion briefing and at trial.

Dated: June 15, 2017     HOGAN LOVELLS US LLP


By: */s/ Mark C. Goodman*
Mark C. Goodman
Attorneys for Defendants GOTHAM INSURANCE COMPANY and PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC.