# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 15-01531-AG (DFMx) | Date | August 4, 2017 |
| Title | Sigma Financial Corporation v. Gotham Insurance Company | | |

Present: The Honorable   Douglas F. McCormick

| Nancy Boehme | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**   (In Chambers) Order re: Defendant's Motion to Compel (Dkt. 183)

    Defendant Gotham Insurance Company ("Gotham") moves for an order compelling Plaintiff Sigma Financial Corporation ("Sigma") to provide responses to Gotham's Requests for Admissions, Set Two. Dkt. 183. Sigma argues that Gotham's motion to compel is untimely under the discovery motion deadline set forth in Judge Guilford's scheduling order. Dkt. 183-1 at 4-5, 17-18 (all citations use the CM/ECF pagination); Dkt. 186 at 3-5. The Court finds that the motion is appropriate for decision without oral argument under Local Rule 7-15, vacates the hearing set for Tuesday, August 15, 2017, at 10:00 a.m., and now rules as follows:

### 1.0   Background

    On April 28, 2017, Gotham served its Request for Admission, Set Two ("RFAs") on Sigma. See Dkt. 183-2 at 4-18. After the parties agreed to an extension of time for Sigma's response, Sigma served responses to Gotham's RFAs on June 13, 2017. See id. at 19-38. On June 22, 2017, Gotham sent Sigma a letter about Sigma's responses, requesting a conference of counsel about those responses within 10 days as required by this Court's Local Rules. See id. at 39-41. Counsel met and conferred on June 30, 2017; during this discussion, Sigma refused to supplement its responses to Gotham's RFAs. See id. at 2; Dkt. 187 at 3.

    On July 11, 2017, Gotham sent Sigma its portion of the joint stipulation required by the Local Rules for a motion to compel. Dkt. 187-4. Sigma responded six days later with an e-mail that told Gotham that it believed that the deadline for discovery motions had elapsed. Id. Gotham countered with its view that the Court "retain[ed] discretion" its motion, and invited Sigma to make its timeliness argument in its portion of the joint stipulation. Dkt. 183-3 at 5. Sigma apparently did so; the joint stipulation containing Sigma's timeliness argument was submitted with Gotham's motion on July 20, 2017. See Dkt. 183.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 15-01531-AG (DFMx) | Date | August 4, 2017 |
|---|---|---|---|
| Title | Sigma Financial Corporation v. Gotham Insurance Company | | |

**2.0    Discussion**

Under Judge Guilford's November 3, 2016 order extending the parties' scheduling order deadlines, the discovery cutoff in this case was June 12, 2017. Dkt. 91 at 2. This order explicitly stated that "[a]ll other provisions of the Court's standard procedures . . . remain in force," id. meaning that "[d]iscovery motions shall be filed and served as soon as possible and never later than 30 days after the discovery cutoff date," Dkt. 31 at 2. Thus, the discovery motion deadline was July 12, 2017, and Gotham's motion was thus untimely by eight days.

As it did in its pre-filing correspondence with Sigma, Gotham argues that the Court has discretion to consider its motion. Dkt. 185 at 3-4. Gotham also asserts that Sigma engaged in gamesmanship in allowing the motion cutoff to pass before alerting Gotham of its objection to the timeliness of the motion. Id. at 2. Sigma responds by pointing out that the untimeliness of Gotham's motion is attributable to Gotham's own delays, in that Gotham allowed 9 days to pass after receiving Sigma's responses before initiating the discovery motion process and another 11 to draft its portion of the joint stipulation after the parties were unable to resolve their dispute. Dkt. 186 at 2.[1]

Sigma's fundamental premise is correct; Gotham's motion is untimely and it must seek relief from the Court's scheduling order before it can proceed with its discovery motion.[2] And although the Court tries to avoid telling parties that they must take their problems elsewhere, determinations about the scheduling order are 100% Judge Guilford's to make. It is not the Court's practice to adjust the District Judges' calendar deadlines; the District Judges, after all, know better the whole picture of the case and how each deadline fits with the ultimate deadline, which is the trial date.

Thus, Gotham is free to present its arguments about the Court's discretion and Sigma's alleged tactics to Judge Guilford in a motion for relief from the discovery motion cutoff. But as things presently stand, Gotham's motion is untimely under Judge Guilford's scheduling order and therefore must be denied.

///

---

[1] Gotham also eschewed this Court's informal telephonic conference procedure for resolving discovery disputes, despite the fact that the parties have utilized it in this case on multiple occasions for disputes of similar complexity.

[2] In Hupp v. San Diego Cnty., No. 12-0492, 2014 WL 1921769 (S.D. Cal. May 13, 2014), a case cited by Gotham for the proposition that the court has discretion to hear a party's untimely discovery motion, the moving party did just that: moved to modify the court's scheduling order. In that district court, however, unlike the Central District, magistrate judges are responsible for supervising pretrial deadlines. See S.D. Cal. L. R. 72.1(h)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 15-01531-AG (DFMx) | Date | August 4, 2017 |
|---|---|---|---|
| Title | Sigma Financial Corporation v. Gotham Insurance Company | | |

### 3.0  Conclusion

    Gotham's motion is untimely under the Court's scheduling order. Gotham's motion to compel is accordingly DENIED without prejudice to its refiling if and when Gotham obtains relief from the scheduling order.

                                                                                                                                                             :

Initials of Preparer     nb